IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JAMEISON BEAM,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY PASHA, LT. HARMON, LEROY KIRKEGARD,<br><br>Defendants. | CV 15-00086-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Jameison Beam, an inmate proceeding in forma pauperis and without counsel, filed a Complaint pursuant to 42 U.S.C. § 1983. Mr. Beam raises First Amendment retaliation claims, Eighth Amendment sexual assault claims, and a due process claim. (Complaint, Doc. 2.) On December 16, 2015, Defendants filed a motion for summary judgment, arguing Mr. Beam failed to exhaust his administrative remedies within the prison before filing his lawsuit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Doc. 11.)

Having considered the parties' arguments and submissions, the undersigned finds that Defendants met their burden of demonstrating that administrative remedies were available and that Mr. Beam failed to properly utilize those remedies. Defendants' Motion for Summary Judgment should be granted.

1

I.      **SUMMARY JUDGMENT STANDARD**

The Ninth Circuit in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc), held that the proper procedural device for determining whether a party exhausted administrative remedies is a motion for summary judgment. *Id*. at 1168. Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id*. On summary judgment, the Court draws all inferences in the light most favorable to the party opposing summary judgment. *Id*. at 159.

A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

By notice provided on December 16, 2015 (Doc. 14), the Court advised Mr. Beam of the requirements for opposing a motion brought pursuant to Rule 56 of

the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

## II.     UNDISPUTED FACTS[1]

Montana State Prison (MSP) has an "Inmate Grievance Program" through which inmates can exhaust a grievance. (Statement of Undisputed Facts, Doc. 13 at ¶ 2.) MSP generates an Initial Classification Summary for each inmate; the summary indicates when the inmate was oriented with the Prison Rape Elimination Act (PREA). As part of PREA orientation, the inmate is instructed on the Inmate Grievance Program, including the process and procedures. Mr. Beam received a PREA orientation on February 11, 2015. (*Id.* at ¶¶ 3-6.)

Under the Inmate Grievance Program, an inmate may raise any "issues including, but not limited to, health care, *staff conduct*, written policy or procedures, and other standard grievance matters such as property, mail, food service, conditions of confinement, program access, or religious issues." (*Id.* at ¶ 9 (emphasis added).) Staff conduct issues include alleged retaliation for filing staff

---

[1] The facts taken from Defendants' Statement of Undisputed Facts (Doc. 13) are deemed undisputed unless contradicted elsewhere in the record. Mr. Beam failed to file a response to Defendants' Motion for Summary Judgment or a statement of disputed facts as required by Local Rule 56.1(b). *See* L.R. 56.1(d) ("Failure to file a Statement of Disputed Facts will be deemed an admission that no material facts are in dispute.").

complaints and complaints of sexual misconduct.  (*Id*. at ¶ 18.)

With the exception of emergency grievances, the Inmate Grievance Program involves four steps: (1) informal resolution, (2) formal grievance, (3) appeal to the Warden, and (4) appeal to the Director of the Department of Corrections.  (*Id*. at ¶¶ 7-8.)  An inmate must follow the time limits for submitting grievances under the Inmate Grievance Policy.  "If an inmate fails to advance to the next level of the grievance program within the stated time limit, he will be considered to have forfeited the opportunity to exhaust his administrative remedies under the inmate grievance program."  (*Id*. at ¶ 12.)

If an inmate intends to file a formal grievance, he must do so within five days from the date he received the response to his Inmate/Offender Informal Resolution Form (informal grievance).  Formal grievances can be returned to inmates "unprocessed."  If the grievance form is not processed, it will be returned to the inmate with a written statement as to why it was not processed.  A grievance can be returned as unprocessed if it is incomplete with regard to necessary information or if it includes multiple unrelated issues on a single form.  The inmate may resubmit the grievance form within 48 hours.  (*Id*. at ¶¶ 9-14.)[2]

---

[2] Defendants represent in their Statement of Facts that, "if the grievance is again returned unprocessed, the inmate can grieve whether the grievance should be processed." Defendants cite MSP Procedure 3.3.3(III)(F) for this proposition, but

If an inmate intends to appeal a response to a formal grievance, he must do so within five working days of receipt of the response to the formal grievance. "The scope of available administrative remedies is broad and should be applied on a case-by-case basis." The Inmate Grievance Policy includes a non-exhaustive list of remedies: (1) modification of procedures/practices; (2) replacement or monetary compensation for property damage; (3) assurance that deprivations or abuses will not recur; and (4) any other "remedies that will meaningfully solve the problem presented." (*Id*. at ¶¶ 15-17.)

On June 15, 2015, Mr. Beam filed an informal grievance against Sergeant Larry Pasha that stated: "I was going to the gym call and pasha [sic] was patting us down and he grabbed my balls, as usual, and then let me go then he told me to come back and He Firmly [sic] grabbed my butt cheeks Feeled [sic] them up spread them and then let me go. I was violated. This was sexual assault plain and simple." On June 24, 2015, Unit Manager Bouley denied Mr. Beam's informal grievance, saying "Sgt. Pasha does a good thorough pat search. Nothing more, nothing less. It is the same way ever [sic] time." (Grievance, Doc. 10-5.) Mr. Beam did not file a formal grievance after his June 15, 2015 informal grievance was denied. By not filing a formal grievance, Mr. Beam did not complete the

---

this statement is not included in that section of the grievance policy.

administrative remedy available to him under the Inmate Grievance Program.

On July 6, 2015, Mr. Beam filed a formal grievance, asserting "Pasha would not let me Have [sic] a grievance for an emergency." On July 27, 2015, Billie Reich, the Grievance Coordinator for MSP, informed Mr. Beam that the July 6 Grievance was not processed. Ms. Reich explained that Mr. Beam had not provided enough details to investigate the claim; he did not say when the incident allegedly happened or what was said. Ms. Reich explained the grievance was being returned "not processed" but made clear, in writing, that Mr. Beam could re-file the grievance within 48 hours to initiate an investigation. Mr. Beam did not re-file the July 6 Grievance. (*Id*. at ¶¶ 18-27.) By not re-filing the July 6 Grievance, Mr. Beam did not complete the administrative remedy available to him under the Inmate Grievance Program. (*Id*. at ¶ 28.)

On July 11, 2015, Mr. Beam filed an informal grievance, alleging Sgt. Pasha refused to give Mr. Beam a roll of toilet paper. Mr. Beam also alleged that he asked for an emergency grievance form and Sgt. Pasha refused. Mr. Beam asserted that Sgt. Pasha's refusals were "direct retaliation" for his June 15 grievance. On July 13, Unit Manager Bouley denied Mr. Beam's July 11 Grievance. Also on July 13, 2015, Mr. Beam filed a formal grievance. On July 21, 2015, Ms. Reich returned Mr. Beam's July 15 Formal Grievance as "not processed." Ms. Reich

informed Mr. Beam that his general comments did not constitute a grievable incident. Ms. Reich instructed Mr. Beam to make appropriate changes, limit the grievance to one subject, and resubmit the form within 48 hours. Mr. Beam did not re-file his July 13, 2015 formal grievance. Because he did not refile the July 13 Grievance, Mr. Beam did not complete the administrative remedy available to him under the Inmate Grievance Program. (*Id*. at ¶¶ 30-37.)

### III.  DISCUSSION

PLRA's exhaustion requirement states:

[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Exhaustion is mandatory. *Booth v. Churner,* 532 U.S. 731, 741 (2001); *Jones v. Bock*, 549 U.S. 199, 211 (2007). Under PLRA, prison regulations define the exhaustion requirements. *Jones*, 549 U.S. at 218.

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones*, 549 U.S. at 204. The appropriate means of determining whether a

7

defendant has proved a failure to exhaust is governed by the following burden-shifting regime:

> a defendant must first prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy. Then, the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile. The ultimate burden of proof, however, remains with the defendants.

*Williams v. Paramo*, 775 F.3d 1182, 1190-1191 (9th Cir. 2015) (internal quotations and citations omitted). "[T]here can be no 'absence of exhaustion' unless some relief remains available." *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir.2005). Therefore, the defendant must produce evidence showing that a remedy is available "as a practical matter," that is, it must be "capable of use; at hand." *Albino*, 747 F.3d at 1171.

Since Mr. Beam did not respond to Defendants' motion for summary judgment, it is undisputed that MSP has an Inmate Grievance Program that Mr. Beam was aware of because he went through orientation on the process. It is also undisputed that Mr. Beam did not complete the grievance process regarding the incidents at issue. Therefore, Mr. Beam failed to exhaust his administrative remedies, and his claims are barred by 42 U.S.C. § 1997e(a).

Based upon the foregoing, the Court issues the following:

# RECOMMENDATIONS

1. Defendants' Motion for Summary Judgment should be **GRANTED** (Doc. 11) and this matter **DISMISSED**. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Beam may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 11th day of May, 2016.

                                        /s/ John Johnston
                                        John Johnston
                                        United States Magistrate Judge

---

[3] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.